IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SUNFLOWER LICENSING LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>EAGLE EYE NETWORKS, INC.,<br><br>      Defendant. | CIVIL ACTION<br><br>NO. 6:21-CV-01235<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sunflower Licensing LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 1401 Lavaca St. #929, Austin, TX 78701.

2. Defendant Eagle Eye Networks, Inc. ("Defendant") is a corporation organized under the laws of the State of Delaware. Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE, 19801. Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports products and services throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the

United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has personal jurisdiction over Defendant, consistent with due process. On information and belief, Defendant has a regular place of business in the State of Texas at 4611 Bee Cave Road, #200, Austin, TX 78746. Further, Defendant has minimum contacts with the State of Texas, and Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas, including, on information and belief, through the manufacture, use, sale, and/or offer for sale of the accused products and/or services throughout the State of Texas and this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant has a place of business and, on information and belief, has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

**U.S. Patent No. 6,487,528**

6. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,487,528, entitled "Method and Apparatus for Encoding or Decoding Audio or Video Frame Data" ("the '528 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7. A true and correct copy of the '528 patent is attached hereto as Exhibit A. The '528 patent is incorporated herein by reference.

8. The application that became the '528 patent was filed on January 6, 2000.

9. The '528 patent issued on November 26, 2002, after a full and fair examination by the USPTO.

10. The '528 patent is valid and enforceable and directed to eligible subject matter.

11. The elements recited in the asserted claims of the '528 patent were not well-understood, routine, or conventional when the application that became the '528 patent was filed.

12. The claims of the '528 patent, including claims 1 and 5, are directed to technical solutions to technical problems encountered during encoding operation when one or more parameters change.

**U.S. Patent No. 7,398,005**

13. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,398,005, entitled "Trick Mode Playback of Recorded Video" ("the '005 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

14. A true and correct copy of the '005 patent is attached hereto as Exhibit B. The '005 patent is incorporated herein by reference.

15. The application that became the '005 patent was filed on December 19, 2001.

16. The '005 patent issued on July 8, 2008, after a full and fair examination by the USPTO.

17. The '005 patent is valid and enforceable and directed to eligible subject matter.

18. The elements recited in the asserted claim of the '005 patent were not well-understood, routine, or conventional when the application that became the '005 patent was filed.

19. The claims of the '005 patent, including claim 1, are directed to technical solutions to technical problems relating to providing trick mode functionality.

**COUNT I – INFRINGEMENT OF THE '528 PATENT**

20. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

21. Defendant has made, used, sold, offered for sale, and/or imported products and/or services that incorporated one or more of the inventions claimed in the '528 patent.

22. For example, Defendant has infringed at least claims 1 and 5 of the '528 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Eagle Eye Security Camera VMS, as detailed in the preliminary claim chart attached hereto as Exhibit C and incorporated herein by reference.

23. Defendant's infringing activities have been without authority or license under the '528 patent.

24. Plaintiff has been damaged by Defendant's infringement of the '528 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '005 PATENT

25. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

26. Defendant has made, used, sold, offered for sale, and/or imported products and/or services that incorporated one or more of the inventions claimed in the '005 patent, and continues to do so.

27. For example, Defendant has infringed at least claim 1 of the '005 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Eagle Eye Security Camera VMS, as detailed in the preliminary claim chart attached hereto as Exhibit D and incorporated herein by reference.

28. Defendant's infringing activities have been without authority or license under the '005 patent.

29. Plaintiff has been damaged by Defendant's infringement of the '005 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '528 patent and the '005 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

C. Pre-judgment and post-judgment interest on the damages assessed, and

D. That the Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

E. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 30th day of November, 2021.

/s/ *Cortney S. Alexander*
Cortney S. Alexander
GA Bar No. 142690
  cortneyalexander@kentrisley.com
  Tel: (404) 855-3867
  Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff